**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | |
|---|---|
| Case No.   **CV 24-35-JFW(RAOx)** | Date:  January 12, 2024 |

Title:     Bonnie Reyes -v- Mars, Incorporated

---

**PRESENT:**
          **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On November 30, 2023, Plaintiff Bonnie Reyes ("Plaintiff") filed a Complaint against Defendant Mars, Incorporated ("Defendant") in Los Angeles Superior Court.  In her Complaint, Plaintiff alleges causes of action for: (1) fraud; and (2) violation of the California Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA").  On January 3, 2024, Defendant filed a Notice of Removal, alleging this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Pursuant to 28 U.S.C. Section 1441, a defendant may remove an action originally filed in state court if the case presents "a federal question" or is between citizens of different states.  *See* 28 U.S.C. § 1441(a), (b).  Thus, only actions that could have been filed in federal court may be removed.  28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Snow v. Ford Motor Co.*, 651 F.2d 787, 789 (9th Cir. 1977).

The Ninth Circuit "strictly construe[s] the removal statute . . . ."  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  There is a strong presumption against removal jurisdiction and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566 (internal citation and quotation marks omitted).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus,* 980 F.2d at 566; *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Under 28 U.S.C. Section 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."  Federal question jurisdiction is presumed absent unless the defendant, as the party seeking to invoke removal jurisdiction, shows that the plaintiff has alleged: (a) a federal cause of action, *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); (b) a state cause of action that requires resolution of a substantial issue of federal law, *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); or (c) a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Because a defendant may remove a case under Section 1331 only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint" rule.  *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of [a] plaintiff's properly pleaded complaint."  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002); *see also Constr. Laborers Vacation Trust*, 463 U.S. at 27–28 ("Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").  The rule also "severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court."  *Constr. Laborers Vacation Trust*, 463 U.S. at 9–10.

For federal jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."  *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief under state law requires the resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the law of the United States.  *Constr. Laborers Vacation Trust*, 463 U.S. at 13.  A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of a cause of action.  Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."  *Merrell Dow*, 478 U.S. at 813.

The absence of a federal cause of action is a relevant factor to be considered in assessing whether a federal issue is substantial.  *Merrell Dow*, 478 U.S. at 811–12.  Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the cause of action into a federal claim.  *Id.*  Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  *See Constr. Laborers Vacation Trust*, 463 U.S. at 14.

In this case, although Plaintiff's Complaint alleges only state law claims, Defendant alleges that federal question jurisdiction exists because Plaintiff's CLRA and fraud claims necessarily turn on interpretation of the Food, Drug, and Cosmetic Act ("FDCA").  Specifically, Defendant alleges that Plaintiff's Complaint is "replete with references to alleged violations of the FDCA and 'federal law'" and that "the meaning of the FDCA is an 'essential element' of Plaintiff's state-law claims."  Notice of Removal. ¶ 7.  Defendant also alleges that "a federal forum is necessary in order to ensure uniform application of the FDCA."  *Id.*

      The Court cannot conclude from Defendant's Notice of Removal that is has jurisdiction over this action.  Accordingly, Defendant is hereby ordered to show cause, in writing, on or before **January 17, 2024**, why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction.  In addition, Plaintiff is hereby ordered to respond, in writing, to the order to show cause on or before **January 22, 2024.**  No oral argument on this matter will be heard unless otherwise ordered by the Court.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause. If the parties file a stipulation agreeing to the remand of this action, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remand of this action.

      IT IS SO ORDERED.