UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 24-35-JFW(RAOx)** | Date: January 31, 2024 |

Title: Bonnie Reyes -v- Mars, Incorporated

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

   On November 30, 2023, Plaintiff Bonnie Reyes ("Plaintiff") filed a Complaint against Defendant Mars, Incorporated ("Defendant") in Los Angeles Superior Court ("LASC").  In her Complaint, Plaintiff alleges that Defendant, who manufacturers and sells the candy known as "Starburst" ("Product"), "sells the Product in oversized packaging that does not reasonably inform consumers that they are mostly buying air," in order to increase its profits at the expense of consumers.  Complaint, ¶ 1.  As a result, Plaintiff alleges that Defendant's packaging does not conform to federal and California regulations regarding non-functional slack-fill.[1]  Plaintiff's Complaint contains causes of action for: (1) fraud; and (2) violation of the California Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.* ("CLRA").

   On January 3, 2024, Defendant filed a Notice of Removal, alleging this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Although Plaintiff's Complaint only alleges state law claims, Defendant argues that federal questions jurisdiction exists because Plaintiff's CLRA and fraud claims necessarily turn on interpretation of the Food, Drug, and Cosmetic Act ("FDCA").  Specifically, Defendant alleges that Plaintiff's Complaint is "replete with references to alleged violations of the FDCA and 'federal law'" and that "the meaning of the FDCA is an 'essential element' of Plaintiff's state-law claims."  Notice of Removal, ¶ 7.  Defendant also alleges that "a federal forum is necessary in order to ensure uniform application of the FDCA."  *Id*.

---

   [1] "Slack-fill" is the difference between the actual capacity of a package and the volume of product contained in the package.  "Non-functional slack-fill" is the empty space in a package that is filled to less than its capacity for reasons other than those allowed under federal and state regulations (*e.g.,* protection of the contents of the package, etc.)

Because the Court could not conclude that it had jurisdiction based on Defendant's Notice of Removal, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded to LASC, and ordered Defendant to file a Response to the OSC on or before January 17, 2024, and ordered Plaintiff to file a Response to the OSC on or before January 22, 2024. On January 17, 2024, Defendant filed its Response. Docket No. 15. On January 22, 2024, Plaintiff filed her Response. Docket No. 16.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Having reviewed the Complaint, the Notice of Removal, and the Responses to the OSC, the Court concludes that Defendant has failed to meet its burden of demonstrating that this Court has federal question jurisdiction and that removal is proper. The "well-pleaded complaint" rule requires a federal question on the face of the plaintiff's complaint at the time of removal for federal question jurisdiction to exist. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996). A case generally arises under "the law that creates the cause of action." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8 (1983) (quotation omitted). In this case, Plaintiff's Complaint contains only state law claims for fraud and violations of the CLRA. In the Notice of Removal, Defendant argues that although Plaintiff's Complaint contains only state law claims, those claims are "replete with references to alleged violations of the FDCA.'" Notice of Removal, ¶ 7. However, a complaint that "alleg[es] a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) (holding that removal was improper based on state law claims incorporating violations of the FDCA because such claims do not arise under federal law). There is no private right of action to enforce the FDCA. *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010). As a result, Plaintiff's state law claims do not arise under federal law merely because they incorporate violations of the FDCA as a means of demonstrating a violation of state law. *See, e.g., Reisfelt v. Topco Associates, LLC*, 2020 WL 6742879 (C.D. Cal. Nov. 2020) (remanding action alleging violations of the CLRA and the UCL where the defendant had argued that there was federal question jurisdiction because the state law claims alleged were based on violations of the FDCA); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) (holding that a plaintiff's "repeated references" to federal law in his state law cause of action "does not mean that [federal law] creates the cause of action under which [plaintiff] sues"); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) ("The direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action"); *Perez v. Nidek Co.*, 657 F.Supp.2d

1156, 1161 (S.D. Cal. 2009) ("[F]ederal question jurisdiction is not created by the fact that Plaintiffs' state law claims under the CLRA and UCL hinge upon alleged violations of the FDCA and its regulations.").

      Defendant also argues that Plaintiff's state law claims do not merely incorporate violations of the FDCA as a means of demonstrating a violation of state law, but "necessarily rest on alleged violation of federal law."  Response, 3:3.  Specifically, Defendant argues that "slack-fill in product packaging is governed by a comprehensive national regulatory system, the Nutrition Labeling and Education Act ('NLEA'), 21 U.S.C. §§ 343, 343-1" and that "[t]he NLEA charges the United States Food and Drug Administration ('FDA') with promulgating regulations regarding the permissibility of slack-fill."  Response, 3:11-15.  The Court disagrees.  "A state cause of action invokes federal question jurisdiction only if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'"  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012) (*quoting Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).  In addition, even when a state law claim necessarily raises a substantial and disputed question of federal law, "removal is subject to a 'possible veto' where exercising federal jurisdiction is not 'consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'"  *Id.* at 675 (*quoting Grable*, 545 U.S. at 313).  "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit."  *Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013).  "The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole."  *Id.*; Grable, 545 U.S. at 313 ("As early as 1912, this Court had confined federal-question jurisdiction over state-law claims to those that 'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law'") (*quoting Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)).  In other words, "federal jurisdiction over a state law claim will lie [only] if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. at 258.

      In this case, the Court concludes that Plaintiff's state law claims do not necessarily raise a federal issue because Plaintiff also expressly alleges that Defendant's product packaging does not conform to California's Sherman Law (which Defendant failed to mention in either its Notice of Removal or its Response).  *See, e.g.,* Complaint, ¶ 41.  California's Sherman Law "incorporates all of the food labeling regulations promulgated by the FDA," and, as a result, "parallels" the federal requirements, rather than adding to or differing from those federal requirements.[2]  *In re Farm*

---

[2]  Because California's Sherman Law parallels the federal requirements, Sherman Law cases are not preempted by FDCA statues.  *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077 (2008)*; see also Riegel v. Medtronic, Inc.*, 552 U.S. 312, 321–22, 330 (2008) (stating that Section 360k(a) of the FDCA relating to medical devices preempts only state requirements that are different from or in addition to federal requirements); *see also Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 757–58 (9th Cir. 2015) (holding that Section 379s of the FDCA did not preempt state law claims for mislabeling of cosmetics so long as the state lawsuit did not attempt to impose different or additional requirements); *Reid v. Johnson & Johnson*, 780 F.3d 952, 959 (9th Cir. 2015) (holding that the FDCA "does not preempt state law-based causes of action that are identical to the federal labeling requirements").

*Raised Salmon Cases*, 42 Cal. 4th 1077 (2008).  Because Plaintiff's claims can be resolved based on Defendant's alleged violations of California's Sherman Law, Defendant has failed to demonstrate the requirement under *Gunn* that a federal issue is "necessarily raised" by Plaintiff's state law claims.  *See, e.g., Streed*, 2017 WL 3616591, at *4 (finding that "the first requirement [of *Gunn*] has not been met"); *David v. Medtronic, Inc*., 2013 WL 12132038, at *4 (C.D. Cal. Aug. 6, 2013) ("Plaintiffs' Complaint rests on 10 state law causes of action, each of which can be resolved under state law without any determination under the FDCA"); *Asahi Kasei Pharma Corp. v. Actelion Ltd.*, 2009 WL 801555, at *4 (N.D. Cal. Mar. 25, 2009)("Here, plaintiff's UCL and FAL claims are not solely based on the alleged FDCA violations, and instead the gravamen of those claims is that defendants falsely stated that Tracleer and Ventavis were an appropriate combination therapy").

  In addition, the Court concludes that Defendant has failed to demonstrate the existence of a "substantial" federal issue.  For a federal issue to be substantial, "it is not enough that [it] be significant to the particular parties in the immediate suit."  *Gunn*, 568 U.S. at 260. Instead, the issue must be important "to the federal system as a whole."  *Id.*  In *Gunn*, the Supreme Court cited two cases as examples of a substantial federal issue: (1) a challenge to the actions of a federal agency *(see, e.g., Grable,* 545 U.S. at 314-15 (finding that when case turned on whether the Internal Revenue Service had provided plaintiff with "adequate notice, as defined by federal law," federal government had "a direct interest in the availability of a federal forum to vindicate its own administrative action"); and (2) the validity of a federal law (*see, e.g., Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 201 (1921) (finding, where shareholder challenged "validity" of securities issued by federal government, "constitutional validity of an act of Congress" was "directly drawn into question").  In this case, Plaintiff merely challenges the actions of Defendant, a private party, not the actions of the FDA or the validity of the FDCA and/or its implementing regulations.  As a result, Plaintiff's Complaint does not raise an issue of "importance . . . to the federal system as a whole."  *See Gunn*, 568 U.S. at 260; *see also Nunes v. Affinitylifestyles, Inc.*, 2017 WL 359178 (D. Nev. Jan. 23, 2017) ("In contrast to *Grable*, which involved a question of statutory interpretation affecting federal income tax collection, whether Real Water violated the FDCA [by mislabeling its bottled water] has little importance to the federal system as a whole"); *Carmine v. Poffanbarger*, 154 F. Supp. 3d 309, 318 (E.D. Va. 2015) (holding dispute as to "whether medical manufacturers designed, manufactured, and promoted an unreasonably dangerous product" does "not affect the operation of the federal system in the way that was evident in *Smith* or in *Grable*").

  Finally, even if all the other requirements under *Gunn* had been met (and they have not), Defendant must demonstrate that the federal issues presented in this case are "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *See Gunn*, 568 U.S. at 258.  In *Merrell Dow*, the Supreme Court addressed this requirement and "emphasized . . . it would flout congressional intent to provide a private federal remedy for the violation of the [FDCA]."  *See Merrell Dow*, 478 U.S. at 812.  However, the Supreme Court also held that "it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a 'rebuttable presumption' [of negligence] ... under state law*.*" *Id.*; *see also Grable*, 545 U.S. at 318 (acknowledging that "the combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of the jurisdiction to be exercised under § 1331" and noting that  "exercising federal jurisdiction over a

state misbranding action would have attracted a horde or original filings and removal cases raising other state claims with embedded federal issues").  The Court concludes that the Supreme Court's reasoning in *Merrell Dow* and *Grable* applies equally to the issues presented in this case and that exercising federal question jurisdiction in a case such as this one would have a significant adverse impact on the federal-state division of labor.  Indeed, "[e]xercising federal question jurisdiction over any state law claim that references a federal consumer protection statute would 'herald a potentially enormous shift of traditionally state cases into federal courts.'"  *Nevada*, 672 F.3d at 676 (*quoting Grable*, 545 U.S. at 319).  Accordingly, the Court concludes that it lacks federal question jurisdiction.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.